Filed 1/10/25  P. v. Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063531 |
| v. | (Super. Ct. No. 12HF1198) |
| FERNANDO SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Lizabeth Weis for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Fernando Sanchez appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1] His court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 738, and *People v. Delgadillo* (2022) 14 Cal.5th 216, (*Delgadillo*). This court notified Sanchez that he had 30 days to file any supplemental brief deemed necessary, or the matter may be dismissed as abandoned. (*Delgadillo*, at pp. 231–232.) He did not file a supplemental brief. Exercising our discretion, we have examined the record on appeal and find no arguable error that could result in a disposition more favorable to Sanchez. (*Id.* at p. 232.) We thus affirm.

STATEMENT OF THE CASE

In November 2013, Sanchez and co-defendant Jessica Gascon were charged by information with five counts arising from crimes committed in April 2012: conspiracy to commit murder (§ 182, subd. (a)(1); count 1); attempted murder (§§ 187, subd. (a), 664, subd. (a); count 2); assault with a firearm (§ 245, subd. (a)(2); count 3); criminal threats (§ 422; count 4); and shooting at an inhabited dwelling (§ 246; count 5). It was further alleged that Sanchez personally discharged a firearm (§§ 12022.53, subd. (c), 1192.7, 667.5) in counts 1 and 2, and that Sanchez personally used a firearm (§ 12022.5, subd. (a)) in counts 1, 2, 3, and 4.

On September 18, 2014, Sanchez entered a negotiated plea. He pleaded guilty to attempted murder, assault with a firearm, criminal threats, and shooting at an occupied dwelling, and he admitted he personally discharged a firearm in the commission of the attempted murder. He

---

[1] All statutory references are to the Penal Code.

stipulated to a sentence of 20 years, and the People agreed to dismiss the conspiracy count and the remaining firearm allegations.

Sanchez admitted the following factual basis for the guilty plea:

"On April 10, 2012, I . . . willfully and unlawfully and with the specific intent to kill did attempt to kill C. Campos. In the course of attempting to kill C. Campos, I used a .22 caliber rifle which was a semi-automatic firearm. When attempting to kill C. Campos, I in fact assaulted C. Campos with the same rifle mentioned above by firing several rounds at him.

"On April 11,2012, I did willfully and unlawfully threatened [sic] C. Campos to commit a crime which would result in death and great bodily injury to C. Campos, with the specific intent that the statement be taken as a threat, and the statement was so unequivocal, unconditional, immediate and specific as to convey to C. Campos a gravity of purpose and an immediate prospect of execution of the threat, causing C. Campos to reasonably be in sustained fear for his safety.

On April 10, 2012[,] I did willfully, unlawfully and maliciously discharge a firearm at an inhabited dwelling house . . . ."

On February 24, 2015, Sanchez was sentenced in accordance with the negotiated plea to 20 years in state prison, as follows: the upper term of 9 years for attempted murder (§§ 187, subd. (a), 664, subd. (a)); plus 1 year, consecutive, for assault with a firearm (§ 245, subd. (a)(2)); plus 10 years, consecutive, for the personal discharge of a firearm (§ 12022.53, subd. (b)). The mid-terms of two years for criminal threats (§ 422) and 5 years for discharging a firearm at an inhabited dwelling (§ 246) were imposed concurrently.

Sanchez filed a petition for resentencing (§ 1172.6) on June 12, 2023, attesting that a complaint or information was filed against him that

3

allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine, and that he was convicted of attempted murder following a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder. He attested that he could not presently be convicted of murder or attempted murder due to changes to Penal Code sections 188 and 189, effective January 1, 2019. He requested appointment of counsel.

At the prima facie hearing on November 8, 2023, the court found that Sanchez had failed to make a prima facie showing he was eligible for relief, and it denied the petition. Based on Sanchez's plea language, the court found: "On its face, the factual basis proves the theory upon which a current prosecution for attempted murder prevails and rebuts any theory upon which an Order to Show Cause may rest. The petitioner is not entitled to relief as a matter of law."

Sanchez filed a timely notice of appeal.

DISCUSSION

Where a court denies a petition for resentencing pursuant to section 1172.6 at the prima facie stage, our review is de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Former section 1170.95 was enacted pursuant to Senate Bill 1437, which made major changes to theories of vicarious liability for murder. The purpose of Senate Bill section 1437 was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The result was the

4

elimination of the doctrine of natural and probable consequences as a viable theory for murder liability. (*People v. Strong* (2022) 13 Cal.5th 698, 707 fn. 1.) The bill did this by amending section 188, subdivision (a)(3), to say, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." "Senate Bill 1437 also added [former] section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957, fn. omitted (*Lewis*).) In January 2022, the Legislature amended section 1172.6 to extend resentencing to those convicted of attempted murder and manslaughter.

Section 1172.6, subdivision (a), permits a petition for resentencing on the following three conditions:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

When a petition is filed pursuant to section 1172.6, the court first conducts a hearing to determine whether the defendant has made a prima facie case for relief. (§ 1172.6, subd. (c).)

"At the prima facie stage, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. [Citation.] The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law. [Citation.] A court may not engage in factfinding or weighing of evidence in making this determination at the prima facie stage. [Citation.] Although the court must generally take the petitioner's factual allegations as true, it is not required to accept factual allegations that are conclusively refuted by the record of conviction, including the court's own documents." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).)

"When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' [Citation.] However, the court may only consider facts the defendant stipulated to as part of the factual basis or otherwise admitted as true." (*Gaillard, supra,* 99 Cal.App.5th at pp. 1211-1212.)

Here, we conclude that the factual basis for Sanchez's plea conclusively establishes that he was convicted based on a still-valid theory of attempted murder liability. "'Attempted murder requires the specific intent to kill [the mens rea] and the commission of a direct but ineffectual act toward accomplishing the intended killing [the actus reus].'" (*People v. Perez* (2010) 50 Cal.4th 222, 224.) Both elements were satisfied by the plea. He pleaded that he harbored the specific intent to kill Campos, which satisfied

6

the mens rea. As element for the actus reus element, he pleaded that "in the course" and "when attempting to" kill C. Campos, he "in fact" fired several rounds from a .22 caliber rifle at him. This plainly amounts to a direct act toward accomplishing the attempted killing. Accordingly, the record of conviction refutes Sanchez's claim that he could not be convicted under current law. The petition was correctly denied at the prima facie stage.

## DISPOSITION

The judgment denying Sanchez's petition for resentencing is affirmed.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


7